NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0409n.06

No. 24-3892

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 22, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| WILLIAM ELLIS, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE NORTHERN DISTRICT OF OHIO |
| JEFFERY YASENCHACK, | ) ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: CLAY, GILMAN, and BLOOMEKATZ, Circuit Judges.

**CLAY, Circuit Judge.** William Ellis brought this 42 U.S.C. § 1983 case against Jeffery Yasenchack, alleging that Yasenchack violated Ellis' rights under the Fourth and Fourteenth Amendments of the United States Constitution. Yasenchack moved for summary judgment, which the district court denied. Yasenchack now appeals that determination. For the reasons that follow, we **DISMISS** this appeal for lack of jurisdiction.

## I. BACKGROUND

### A. Factual History

Yasenchack is a former detective with the Cleveland Police Department, who encountered Ellis in 2019 when Yasenchack detained Ellis at a traffic stop. That detention eventually resulted in state criminal charges against Ellis later in 2019, and Yasenchack testified at a state court hearing regarding the case. Yet the state court ultimately determined that Yasenchack was "not credible," and granted Ellis' motion to suppress Yasenchack's testimony. *United States v. Ellis*, No. 20-CR-

0302, 2021 WL 3168271, at \*4 (N.D. Ohio July 27, 2021). That was because the state court found that Yasenchack's testimony was "in direct contradiction to what was presented via the body cameras to this Court during the suppression hearing." *Id.*

A year later, in 2020, Ellis and Yasenchack once again encountered each other. In April of that year, Yasenchack stopped a motorist near Ellis' home and offered the motorist a deal: if the motorist supplied Yasenchack with information on drug dealers in the area, Yasenchack would not give the motorist a citation. The motorist allegedly agreed and pointed at Ellis' home. Yasenchack then began to conduct surveillance on Ellis' residence over the following weeks, noting that cars would pull up to the home and individuals would briefly enter the home before exiting the premises. As one car was pulling out of the house, Yasenchack stopped the vehicle and allegedly found drugs on the occupants. One of the occupants purportedly told Yasenchack that he had just bought drugs from Ellis.

After these encounters, Yasenchack submitted an affidavit on May 14, 2020, to support a search warrant for Ellis' home. Yasenchack attested in the affidavit that he had received a tip from a "concerned citizen" that Ellis was a potential drug dealer. Yasenchack further stated that "confidential informants" had also told Yasenchack that Ellis was dealing drugs. And Yasenchack attested that he had previously arrested Ellis in 2019 and that the resulting criminal case against Ellis was "open and currently in appeals court." The timing of this affidavit was notable. Three weeks before Yasenchack swore his affidavit, a state appeals court dismissed the state's appeal of the trial court's order granting Ellis' motion to suppress in the 2019 criminal case. Then, on the morning of May 14, 2020—the same day that Yasenchack submitted his affidavit—the state trial court granted the state's motion to dismiss the 2019 criminal case against Ellis. In his affidavit,

Yasenchack did not mention these updates regarding the 2019 criminal case against Ellis. Nor did he mention that the state court in the 2019 criminal case had found him "not credible."

After Yasenchack submitted his affidavit, the Cuyahoga County Court of Common Pleas found the contents of the affidavit to provide sufficient probable cause to issue a search warrant. Police subsequently searched the home. Once in the residence, police found ammunition, guns, drugs, and scales. A criminal complaint was then filed against Ellis in federal court. A federal grand jury in the Northern District of Ohio subsequently returned an indictment against Ellis for possession of narcotics with intent to distribute and for felony possession of a firearm.

The following year, in July 2021, the district court held a suppression hearing in Ellis' criminal case. The district court determined that many of the statements in Yasenchack's affidavit were untrue, noting that "[t]his is an instance in which the affiant 'engaged in deliberate falsehood or reckless disregard for the truth in omitting information from the affidavit.'" *Ellis*, 2021 WL 3168271, at \*4 (quoting *United States v. Atkin*, 107 F.3d 1231, 1217 (6th Cir. 1997)) (internal quotation marks omitted). The court ultimately suppressed all evidence relating to the search of Ellis' residence. The government then moved to dismiss the case against Ellis, and Ellis was subsequently released from custody in August 2021.

**B. Procedural History**

On May 18, 2022, Ellis filed a complaint in the Northern District of Ohio against Yasenchack and the City of Cleveland under 42 U.S.C. § 1983. Relevant to this appeal, Ellis alleged that Yasenchack violated Ellis' Fourth and Fourteenth Amendment rights, alleging claims of unreasonable search and seizure, false arrest, and malicious prosecution. Both Yasenchack and the City of Cleveland then moved for summary judgment, and Ellis voluntarily dismissed his claims against the City. The district court then reviewed Yasenchack's motion for summary

judgment and held that Yasenchack was not entitled to summary judgment on his qualified immunity defense to Ellis' malicious prosecution claim. Yasenchack now appeals that holding.

## II. DISCUSSION

### A. Standard of Review

"We review a district court order granting summary judgment under a de novo standard of review, without deference to the decision of the lower court." *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014) (citation and quotation marks omitted). Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A dispute of a material fact is genuine so long as the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Kirilenko-Ison v. Bd. of Educ. of Danville Indep. Schs.*, 974 F.3d 652, 660 (6th Cir. 2020) (cleaned up). "When evaluating a motion for summary judgment, this Court views the evidence in the light most favorable to the party opposing the motion." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "This includes drawing all justifiable inferences in the nonmoving party's favor." *Id.* (citation and quotation marks omitted).

### B. Analysis

To prove a malicious prosecution claim, a plaintiff must meet the following elements:

> (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.

*King v. Harwood*, 852 F.3d 568, 580 (6th Cir. 2017) (cleaned up). And once a defendant raises a qualified immunity defense, it is the plaintiff's burden to show that the defendant is not entitled to such a defense. *Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir. 2006). In assessing whether qualified immunity applies, a reviewing court must undertake a two-step analysis and ask: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and if so, (2) whether that right was clearly established." *Id.*

Yasenchack contends that Ellis meets neither of the qualified immunity elements. Ellis, by contrast, argues that he must prevail in this appeal because (1) we do not have jurisdiction to hear the first qualified immunity element, and (2) he succeeds on the merits with respect to the second qualified immunity element. We address each of the qualified immunity elements in turn.

### 1. Element (1): Violation of a Constitutional Right

Ellis argues that we do not have jurisdiction to review the first qualified immunity element. That element asks whether Ellis has suffered a violation of his constitutional rights. *See id.*

This Court generally has jurisdiction "to hear appeals only from 'final decisions' of district courts." *Johnson v. Jones*, 515 U.S. 304, 309 (1995) (quoting 28 U.S.C. § 1291). Typically, "denials of summary judgment are not appealable to this Court on an interlocutory basis because they are not final orders over which we have jurisdiction." *Anderson-Santos v. Kent County*, 94 F.4th 550, 553 (6th Cir. 2024). But the Supreme Court has explained that because qualified immunity provides immunity from suit, not just from liability, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291." *Mitchell v. Forsyth*, 472 U.S. 511, 528–29 (1985).

This exception, however, is narrow. *See Adams v. Blount County*, 946 F.3d 940, 948 (6th Cir. 2020). A defendant relying on a qualified immunity defense "may not appeal a district court's

summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson*, 515 U.S. at 319–20; *see also Gregory v. City of Louisville*, 444 F.3d 725, 742 (6th Cir. 2006). We have jurisdiction "only to the extent that the defendant 'limit[s] his argument to questions of law premised on facts taken in the light most favorable to the plaintiff.'" *Adams*, 946 F.3d at 948 (citation omitted). "The onus is on the defendant to comply with this jurisdictional limit." *Gillisipie v. Miami Township*, 18 F.4th 909, 915 (6th Cir. 2021). When an appeal of a denial of qualified immunity contains disputes of fact, a defendant "may invoke our jurisdiction by conceding the plaintiff's version of the facts." *Anderson-Santos*, 94 F.4th at 554. And "where the disputed factual issues are 'crucial' to the appeal, 'we may not simply ignore' the dispute, and we must dismiss for lack of jurisdiction." *Ramsey v. Rivard*, 110 F.4th 860, 866 (6th Cir. 2024) (quoting *Adams*, 946 F.3d at 948).

In this case, Yasenchack has not conceded Ellis' version of the facts. Instead, he "recites a version of the facts" that Ellis "does not accept." *Anderson-Santos*, 94 F.4th at 554. For example, Yasenchack states that he received information "from a confidential informant" that an individual matching Ellis' description "was an individual who sold narcotics in the subject area" and that the same confidential informant "confirmed" Ellis' identity. Appellant Br. at 6. But in suppressing the evidence in Ellis' criminal case, the district court explained that the supposed confidential informant testified that he had never given Yasenchack that information. *Ellis*, 2021 WL 3168271, at *3. And in denying Yasenchack's motion for summary judgment in this case, the district court found that Ellis had raised a genuine dispute of material fact as to whether Yasenchack "knowingly or recklessly provided [a] materially false statement[]" regarding the confidential informant. Order, R. 37, Page ID #628. Similarly, when explaining that Yasenchack included information regarding Ellis' 2019 state criminal case in his search warrant affidavit, Yasenchack states:

"Notably, [Yasenchack] was not aware that an appeal of the 2019 case was dismissed by the Court of Appeals the previous month." Appellant Br. at 9. The district court, by contrast, found that Ellis had raised a genuine dispute of material fact as to whether Yasenchack "knowingly or recklessly" supplied a false statement in his search warrant affidavit regarding the fact that he had been unaware of the status of Ellis' state criminal case. Order, R. 37, Page ID #628–29.

Thus, there are clear factual disputes between the parties in this case. However, "we have jurisdiction only to the extent" that Yasenchack's "factual disputes are not 'crucial.'" *Ramsey*, 110 F.4th at 867 (quoting *Adams*, 946 F.3d at 948). And in this instance, Yasenchack's factual disputes are crucial to the arguments he raises.

In order to meet the first qualified immunity element and establish a constitutional violation, Ellis must prevail on each of the elements of his alleged constitutional violation: malicious prosecution. Yasenchack argues that Ellis has provided insufficient evidence to succeed on two of the malicious prosecution elements: (1) that Yasenchack "made, influenced, or participated in the decision to prosecute," and (2) that "there was a lack of probable cause for the criminal prosecution" of Ellis. *King*, 952 F.3d at 580.[1] However, the parties have crucial factual disputes related to both of those elements.

As to whether Yasenchack "made, influenced, or participated in the decision to prosecute," *id.*, Yasenchack's only argument on appeal "depends on his version of the facts," *Ramsey*, 110 F.4th 867. In denying Yasenchack's motion for summary judgment, the district court reasoned that Ellis had raised a genuine dispute of material fact as to this element of his malicious prosecution claim. Yasenchack's legal argument regarding why that conclusion was in error is predicated on his dispute about what the record shows. Yasenchack largely raises factual arguments regarding the

---

[1] Yasenchack does not contest the remaining malicious prosecution elements.

district court's findings: he contends that his involvement in Ellis' prosecution was "exceedingly minimal" and that there was "no evidence to suggest" that Ellis' prosecution was in fact "founded on any alleged information furnished by" Yasenchack. Appellant Br. at 29–30. The district court concluded that the record had sufficient evidence to show otherwise. And we have no jurisdiction to address these challenges to the district court's determinations regarding the sufficiency of the evidence supporting a claim. *See Gillispie*, 18 F.4th at 916 (citing *Johnson*, 515 U.S. at 313).

Yasenchack also contends that the district court erred in concluding that Ellis had raised a genuine dispute of material fact as to whether there was a lack of probable cause to prosecute Ellis. This argument runs into the same jurisdictional bar. In assessing this element of Ellis' claim, the district court acknowledged that indictments are entitled to a presumption of probable cause, but that Ellis may rebut that presumption in some circumstances. Specifically, Ellis may rebut the presumption of probable cause if he can show that "(1) a law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly ma[de] false statements . . . or falsifie[d] or fabricate[d] evidence"; "(2) the false statements and evidence, together with any concomitant misleading omissions, [we]re material to the ultimate prosecution"; and (3) the "false statements, evidence, and omissions d[id] not consist solely of grand-jury testimony or preparation for that testimony." *King*, 852 F.3d at 587–88. Applying the *King* test, the district court carefully examined the facts in the record and concluded that, considering the disputes of material fact regarding Yasenchack's false statements and omissions in the search warrant affidavit, Ellis had rebutted the presumption of probable cause attached to his indictment.

Yasenchack argues that we have jurisdiction because it is undisputed that officers found contraband in Ellis' house, and that alone suffices to show probable cause for Ellis' criminal prosecution. But to invoke appellate jurisdiction in this context, a defendant "is required not only

to accept the undisputed facts," but to concede the plaintiff's version of the facts. *Ramsey*, 110 F.4th at 866. And Yasenchack's probable cause argument does not avoid fact disputes. As we have already explained, Yasenchack's brief on appeal mischaracterizes his false statements and omissions in the search warrant affidavit. His probable cause argument relies upon these same mischaracterizations of the factual record: contrary to the district court's ruling at summary judgment, Yasenchack downplays the false statements in the search warrant affidavit and characterizes them as mere "mistakes" that "cannot meet the high standard of culpability required" to overcome the presumption of probable cause attached to the indictment. Appellant Br. at 27. Considering that the district court found that genuine disputes of material fact existed as to whether Ellis had overcome the presumption of probable cause and Yasenchack's probable cause argument "fails to view the facts or take inferences in" Ellis' "favor as to whether probable cause existed," we lack jurisdiction to address Yasenchack's argument. *Ramsey*, 110 F.4th at 867.

Thus, Yasenchack's arguments regarding the merits of Ellis' malicious prosecution claim involve "factual disputes that deprive this court of jurisdiction." *Adams*, 946 F.3d at 950; *see also Gillispie*, 18 F.4th at 916–17. We accordingly conclude that we lack jurisdiction as a result of the first qualified immunity element.

### 2. Element (2): Whether the Right Was Clearly Established

Yasenchack argues that Ellis cannot meet the second element of qualified immunity. That element requires Ellis to prove the existence of a clearly established constitutional right. *Ciminillo*, 434 F.3d at 466

We lack jurisdiction to review this element. This Court has explained that the second qualified immunity element "typically constitutes a legal argument for purposes of jurisdiction." *Adams v. Blount Cnty., Tennessee*, 946 F.3d 940, 950 (6th Cir. 2020). However, we do not have

jurisdiction where the defendant "fails to concede the most favorable view of the facts to [the plaintiff] and instead relies solely on his version of the facts." *Id.* That is the case here. As explained in *supra* Part II.B.1, Yasenchack does not concede the most favorable view of the facts to Ellis and instead "recites a version of the facts" that Ellis "does not accept." *Anderson-Santos*, 94 F.4th at 554. We therefore do not have jurisdiction to review the second qualified immunity element. *See id.* at 555 ("We have previously denied jurisdiction where, as in this case, the defendant purports to concede the plaintiff's view of the facts but in effect still litigates the factual dispute.").

## III. CONCLUSION

For the reasons set forth above, this Court **DISMISSES** this appeal for lack of jurisdiction.